-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOACHIM SYLVESTER,

           Plaintiff,

     -v-

CORY SMITH, TARIQ KHONDER a/k/a
TARIQ KHONDKER,

           Defendants.

DECISION AND ORDER
13-CV-0717A

---

## INTRODUCTION

Plaintiff Joachim Sylvester filed a *pro se* Complaint, which read liberally, appeared to allege that Defendants Cory Smith and Tariq Khonder had either sold or made sales transactions to Defendants WNYREG Real Estate Group ("WNYREG") and Pushpa Gunatilake involving three properties located in Niagara Falls, New York in breach of contracts Plaintiff claimed to have had with Defendants Smith and Khonder. Plaintiff claimed the Complaint was brought under 42 U.S.C. § 1983 and that the Court had jurisdiction under both 28 U.S.C. §§ 1331 (arising under) and 1332 (diversity of citizenship). (Dkt. #1.) Plaintiff had also filed a document that the Court construed as a Motion for a Temporary Restraining Order. (Dkt. #2.) Plaintiff has paid the required filing fee.

The Court (Hon. Richard J. Arcara) entered a Decision and Order finding that because the defendants were not alleged to be persons acting under color of state law, there was no viable claim under § 1983 and that since the only basis for subject matter jurisdiction remaining was diversity of citizenship and two of the Defendants were alleged to be "citizens" of the same state as Plaintiff (New York), *see Advani Enterprises, Inc.*, *id.* (citing *John Birch Soc'y v. National Broad. Co.*, 377

F.2d 194, 197 (2d Cir. 1967)), there was no basis for subject matter jurisdiction in this Court and the Complaint had to be dismissed. (Dkt. #3, at 2-4.) The Court also denied the Motion for a Temporary Restraining Order.

The Court also provided Plaintiff an opportunity to show cause why the Complaint should not be dismissed for lack of subject matter jurisdiction. (Dkt. #3, at 4.) Plaintiff responded by filing an "Amended Memorandum of Law in Support of Motion for Temporary Restraining Order/Injunctive Relief" (Dkt. #4), "Amended Affidavit in Support of Request for Temporary Restraining Order (TRO)" (Dkt. #5) and "Application to Court in Response to Order to Show Cause Why Complaint Should Not Be Dismissed" ("Response"), which attached an Amended Complaint (Dkt. #6.).

## DISCUSSION

Plaintiff's Response states that the Complaint inadvertently cited to 42 U.S.C. § 1983, but that 42 U.S.C. §§ 1985 and 1986, which are also referenced in the Complaint, do not have a state action requirement. Plaintiff further states that his Complaint adequately alleges facts supporting a conspiracy among Defendants Smith and Khonder to deprive him of equal protection of the laws under § 1985(3). (Response, at ¶¶ 1-3.) The Response also states that Plaintiff has "eliminated all New York State parties as defendants to this action" and that the Amended Complaint "cures any error with regard to the diversity of citizenship claim and also restates [his] original claims under 42 U.S.C. [§§] 1985(3) and 1986 regarding race based discrimination." *Id.*, ¶¶ 4-7.[1]

---

[1] Generally, subject matter jurisdiction must exist at the time of filing the complaint ("time-of-filing rule"), *see, e.g., Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) ("[T]he jurisdiction of the court depends upon the state of things at the time of the action brought.") (quoting *Mollan v. Torrance*, 22 U.S. 537 (1824)). There are two exceptions to this rule, however, which "allow federal courts, under certain circumstances to cure defects of federal jurisdiction." *Herrick Co., Inc. v. SCS Communications, Inc.*, 251 F.3d 315, 329 (2d Cir. 2001). One of them is dismissal of the "jurisdictional spoiler." *Id.*; *see also*

Plaintiff's Amended Memorandum of Law and Affidavit in Support of a Motion for a Temporary Restraining Order will be construed as a Motion for a TRO and Preliminary Injunction pursuant to Fed. R. Civ. P. 65. However, the Motion must be denied because Plaintiff has not shown (1) "irreparable harm in the absence of the injunction" and "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them fair grounds for litigation and a balance of hardships tipping decidedly in movant's favor." *MyWebGrocer, L.L.C. v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (quoting *Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002)). The standards for granting a temporary restraining order are the same as those governing preliminary injunctions. *AFA Dispensing Grp. B.V. v. Anheuser–Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010). Proof of irreparable harm "is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks and citation omitted).

"To satisfy the irreparable harm requirement, [p]laintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied 'if a court waits until the end of trial to resolve the harm." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir.2007). "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Faiveley Transp.*, 559 F.3d at 118.

---

*Northwestern Consultants, Inc. v. Bloom*, No. 10 CV 5087(SJF)(AKT), 2012 WL 1941878, at *10 (E.D.N.Y. May 22, 2012). Under Fed. R. Civ. P. 21, a court "can drop a non-diverse party at any time to preserve diversity jurisdiction, provided the nondiverse party is not 'indispensable' under Rule 19(b)." *Call Center Technologies, Inc. v. Grand Adventures Tour & Travel Pub. Corp.*, 635 F.3d 48, 51 (2d Cir. 2011)(quotations and citations omitted). At this stage of the litigation, the Court is not in a position to determine whether the non-diverse Defendants Plaintiff drops from the suit in the Amended Complaint are "indispensable parties."

In this matter, Plaintiff has provided no evidence to support his claim that an award of monetary damages would not remedy the harm he has allegedly suffered from the sale of the properties he claims were under contract to purchase from Defendants. Plaintiff avers that none of the money he paid to the Defendants for the sale of the properties has been returned to him and that he has not been reimbursed any of the money he has spent for the labor he put into working on said properties. However, all of this could be compensated by an award of monetary damages if he is successful. Plaintiff does not allege that the properties were intended as a personal residence or that they are unique in any way, and it appears from the Complaint and Amended Complaint, and Motion for a Temporary Restraining Order and supporting papers, that Plaintiff intended to purchase these properties as income property or to resell them upon completion of renovations. *See SK Greenwich LLC v. W–D Group (2006) LP*, No. 10 Civ. 7846(RPP), 2010 WL 4140445, at *3 (S.D.N.Y. Oct. 21, 2010) ("Here, Plaintiff[s'] interest in the real estate is commercial, and the harm [they] fear[ ] is the loss of [their] investment, as opposed to loss of [their] home or a unique piece of property in which [they] ha[ve] an unquantifiable interest.")

Additionally, Plaintiff has not established the second prong of the criteria for determining entitlement to a temporary restraining order and preliminary injunction. As to the equal protection claim under §§ 1985(3) and 1986, the claims of a conspiracy to violate Plaintiff's rights to equal protection of the law based upon his race are conclusory at best. His allegations that Defendants breached contracts and defrauded him in relation to the sale of real property, alone, either based on a violation of §§ 1985(3) or 1986 or breach of contract or fraud, does not entitle Plaintiff to the remedy he seeks herein. Plaintiff may succeed on his claims, but at this time, he has not established his entitlement to a temporary restraining order or preliminary injunction.

4

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Memorandum of Law and Affidavit in Support of a Motion for a Temporary Restraining Order (Dkt. ##4,5), construed herein as a Motion for a Temporary Restraining Order and Preliminary Injunction, are denied without prejudice. Plaintiff will need to request the Clerk's Office to issue summonses prepared by him, so that he can serve the Summons and Amended Complaint upon Defendants. *See* Fed. R Civ. P. 4(a)-(b), (m).[2]

## ORDER

IT IS HEREBY ORDERED that Plaintiff's "Amended Memorandum of Law in Support of Motion for Temporary Restraining Order/Injunctive Relief" (Dkt. #4) and "Amended Affidavit in Support of Request for Temporary Restraining Order (TRO)" (Dkt. #5), to the extent they can be construed as a Motion for a Temporary Restraining Order and Preliminary Injunction, are denied without prejudice; and

FURTHER, the Clerk of the Court is directed to detach from Plaintiff's Response to the Order to Show Cause (Docket No. 6) the Amended Complaint and docket it separately as an Amended Complaint, and to issue Summonses to Plaintiff upon his request.

SO ORDERED.

Dated: June 16, 2014
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge

---

[2] Plaintiff should refer to Rule 4(d) and 4(e) of the Federal Rules of Civil Procedure regarding waiver of service of the summons and service of the summons and complaint, and to the Court's Pro Se Litigation Guidelines which addresses service at pp. 7-9. The Clerk of the Court is directed to forward to plaintiff with this Order a copy of the Court's Pro Se Litigation Guidelines.